FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUL 25 2011

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENYA M. SHEARD

    Plaintiff,

v.

    Civil No. **PJM 10-2963**

BANK OF AMERICA, N.A., ET AL.

    Defendants.

**MEMORANDUM OPINION**

Kenya Sheard, *pro se*, has sued Bank of America, N.A. ("BoA"), BAC Home Loan Servicing, LP ("BAC"), and two BoA employees, Brian T. Moynihan and Joe L. Price (collectively, "Defendants"), asserting multiple claims stemming from her purchase of property in Upper Marlboro, Maryland. The complaint does not set out separate causes of action, but Sheard essentially makes the following claims: 1) violation of the Fair Debt Collection Practices Act ("FDCPA"); 2) violation of her constitutional rights under 42 U.S.C. § 1983; 3) wrongful foreclosure; 4) slander of title; and 5) fraudulent conversion.

Defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.[1] [Paper No. 4]. For the following reasons, Defendants' Motion for Summary Judgment is **GRANTED**.

I.

The undisputed facts are these:

Sheard purchased a property located at 2923 Berrywood Lane, Upper Marlboro, Maryland, on May 1, 2007. She entered into a mortgage loan agreement with BoA for $349,900.[2]

---

[1] Sheard did not file a Response to Defendants' Motion nor, after the Court issued a Show Cause Order [Paper No. 7], did she show cause why Defendants' Motion should not be granted and her Complaint dismissed.

1

At some point, Sheard stopped making the required monthly payments on the mortgage debt and BoA brought suit in the Circuit Court for Prince George's County to foreclose on the property (Case No. CAE 09-21930).[3]

The gist of Sheard's claim is that Defendants have illegally attempted to foreclose on the Deed of Trust because they are no longer the owners of the promissory note ("note"). Sheard suggests that Defendants sold the note to some entity that repackaged it into a mortgage-backed security so that Defendants' efforts to collect payments on the note, given the transfer of ownership, are illegal.[4]

Defendants' position is that BoA is and always has been the owner and holder of the note, in support of which they have provided copies of supporting documents, including: the note itself, which shows no endorsement to a third party; the deed of trust; and an affidavit certifying that BoA remains the owner of the note.[5]

## II.

A motion for summary judgment under Rule 56 challenges the factual sufficiency of the complaint. Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A party is entitled to summary judgment if the evidence in the record "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[2] Sheard's Complaint does not indicate the nature of the transaction between her and the Defendants.
[3] The action was brought by Allan P. Feigelson and Paul V. Margolis as substitute trustees.
[4] It appears that Sheard previously made this argument in the Circuit Court for Prince George's County in a Verified Emergency Motion to Stay Trustee's Sale. The motion was denied in September 2009.
[5] Defendants also point out that Sheard herself listed BoA as the holder of her mortgage debt on the Schedule D she filed in Bankruptcy Court. Def. Ex. 5.

2

Summary judgment is properly granted against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court is obligated to view the facts and inferences drawn from the facts in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Matsushita*, 475 U.S. at 587-88. The non-moving party may not rest upon its mere allegations, however, but must "set out specific facts showing genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Moreover, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 958-59 (4th Cir. 1984) (citation omitted). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III.

#### A.

Sheard first alleges that Defendants violated the FDCPA.

The FDCPA allows individuals to sue certain entities that have engaged in harassment or other practices prohibited by the Act. 15 U.S.C. § 1692 et seq. To be liable under the FDCPA, an entity must be a "debt collector," as defined in 15 U.S.C. § 1692(a). *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010) (defining a "debt collector" under the FDCPA to include "any person who 'regularly collects . . . debts owed or due or asserted to be owed or due another.'" (quoting 15 U.S.C. §§ 1692(a)(5), (6))). A plaintiff has the

3

burden of alleging that the defendant is a "debt collector" within the meaning of the Act. *See Akintunji v. Chase Home Fin., L.L.C.*, Civ. No. H-11-389, 2011 WL 2470709, at *3 (S.D. Tex. June 20, 2011). While the statute applies to many kinds of organizations and individuals, it does not generally apply to creditors. *See, e.g., Federico v. Bank of America Corp.*, Civ. No. RDB 11-051, 2011 WL 2470, at *3 (D. Md. June 17, 2011) ("[T]he FDCPA does not apply to creditors collecting debts in their own names and whose primary business is not debt collection.").

BoA and BAC are not "debt collectors," but are instead the mortgagor and mortgage servicing company who entered into a loan agreement directly with Sheard and are attempting to enforce repayment of the loan. *See Horvath v. Bank of N.Y., N.A.*, Civ. No. 1:09-cv-01129, 2010 WL 538039, at *3 (E.D. Va. Jan. 29, 2010) ("Mortgage servicing companies and trustees exercising their fiduciary duties enjoy broad statutory exemptions from liability under the FDCPA."); *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) (same). Moreover, as to Defendants Moynihan and Price, BoA employees, Sheard has made no allegations that they are "debt collectors" or that, in their individual capacities, they have engaged in conduct violative of the FDCPA. In short, Sheard has failed to make a *prima facie* case against any Defendant for violation of the FDCPA.

**B.**

Sheard also asserts that Defendants violated her constitutional rights under Title 42, Section 1983, of the United States Code. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...." 42 U.S.C. § 1983; *see also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for

4

vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979)). As such, a court must begin its analysis of a § 1983 claim by identifying the specific constitutional right allegedly infringed. *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

Sheard alleges that Defendants' efforts to foreclose on her property violated her Fifth and Fourteenth Amendment rights to due process and her Seventh Amendment right to civil trial by jury. *See* U.S. CONST. amends. V, VII, XIV. However, she has not alleged, nor can she, that any Defendant acted under color of state law. Sheard entered into a private contract with BoA. Any efforts to collect mortgage payments or foreclose on Sheard's property arise under BoA's right to enforce that contract. Since Defendants are purely private, not state, actors, Sheard has failed to make a *prima facie* case for a § 1983 violation.

### C.

Sheard's state claims—wrongful foreclosure, slander of title, and fraudulent conversion—relate to Defendants' allegedly illegal attempts to foreclose on her property. The basis for these claims is rooted in Sheard's argument that BoA is not the owner and holder of the promissory note. But, as indicated, as to this argument, she has offered no evidence in support of her claim other than a single statement in her Complaint, indicating that, "[o]n information and belief, [Bank of America] . . . sold the original note to a mortgage backed (sic) security". Compl. ¶ 4.

Meanwhile, Defendants have provided copies of documents establishing BoA's ownership of the loan. Since all of Sheard's claims are based on BoA's supposed non-ownership of the loan, all are subject to dismissal.

## IV.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment [Paper No. 4] and Sheard's Complaint is **DISMISSED WITH PREJUDICE**. Final Judgment will be entered in favor of Defendants and the case will be **CLOSED**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 18, 2011**